# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TRACY DELRAY LESLEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )  Case No. CIV-11-1166-R |
| | ) |
| **MIKE ADDISON,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

Petitioner filed this case pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On April 30, 2012, Judge Bacharach issued a Report and Recommendation wherein he recommended that the petition be construed as having been filed pursuant to 28 U.S.C. § 2241 and that it be dismissed. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, giving rise to an obligation to conduct a *de novo* review of the issues.

In Ground One Petitioner alleges his earned credit level was reduced by Department of Corrections' officials in violation of his due process rights. He alleges that when he inquired about the reduction he was told that it was because he had once been charged with escape, even though that charge was dismissed. He complains that the effect of reducing his earned credit level is the lengthening of his sentence. In Ground Two Petitioner contends that Department of Corrections' officials have refused to follow Department of Corrections' policy regarding his classification because he should be classified above earning Level Two

in light of the fact that he has never been convicted of escape. In Ground Three Petitioner complains that Department of Corrections' officials assert that he has filed or attempted to file his appeal outside the time frame permitted by Department of Corrections' policy and they have failed to follow the Department's grievance policy.

Judge Bacharach recommended the petition be construed as having been filed pursuant to 28 U.S.C. § 2241, because Petitioner is challenging the assessment of security points. Judge Bacharach further recommended dismissal of Grounds One and Two of the petition as untimely and Ground Three as not cognizable in a habeas corpus action.

Petitioner first complains about Judge Bacharach's recommendation that the petition be construed as having been filed pursuant to 28 U.S.C. § 2241, asserting that this case involves his alleged conviction for escape. The Court concludes it was entirely proper for Judge Bacharach to recommend the re-characterization of the petition, because Petitioner is challenging the execution of his sentence. He is not seeking to set aside a conviction. Additionally, Judge Bacharach gave Plaintiff's petition the liberal construction due in light of Petitioner's *pro se* status.

As noted, Judge Bacharach recommended dismissal of Grounds One and Two on the basis of untimeliness. Petitioner's status was reduced from Level 3 to Level 2 in March 2009 and he filed a number of requests to staff between May and September 2009 seeking promotion to Level Three. Petitioner was promoted to Level 3 effective August 1, 2009, but demoted again on September 14, 2009 as a result of the escape points. On September 29, 2009, he was informed by a staff member in response to a September 14, 2009 request to

staff, that his points were assessed correctly, despite the escape charge having been dismissed. Petitioner did not further pursue his remedies until 2011, after he was transferred. Judge Bacharach concluded the current petition is untimely because Petitioner became aware of the factual predicate for his claims in 2009 and failed to file this petition within one year. Judge Bacharach further concluded Petitioner was not entitled to tolling of the statute of limitations period because he had not timely and diligently pursued his administrative remedies.

In response to the Report and Recommendation Petitioner contends that the reason for his untimely petition was the lack of access to a law library, and therefore his statute of limitations period did not begin to run until he had access to materials, specifically on December 22, 2010, when he was transferred to his current facility. In short, Petitioner is arguing for the alternative statute of limitations period set forth in 28 U.S.C. § 2244(d)(1)(B), which provides that the statute of limitations for a habeas corpus petition begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.*

> The United States Constitution . . . does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), but rather a "right of access to the courts," *id*. at 350, 116 S.Ct. 2174. *Cf. Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323 (7th Cir.1995) ("There is no 'right to browse' [a prison library]."). In order to establish a violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174. It follows that, to invoke §

>  2244(d)(1)(B)'s tolling provision-to show that an "impediment ... created by State action in violation of the Constitution ... prevented" the filing of a timely petition-an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); *Garcia v. Hatch*, 343 Fed.Appx. 316, 318 (10th Cir.2009) (unpublished) (same); *Weibley v. Kaiser*, 50 Fed.Appx. 399, 403 (10th Cir.2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner); *cf. United States v. Martinez*, 303 Fed.Appx. 590, 596 (10th Cir.2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner).

*Mayes v. Province*, 376 Fed.Appx. 815, 816-17 (10th Cir. April 23, 2010). In response to the motion to dismiss Petitioner asserted the following with regard to timeliness:

> Respondent claims that petitioner did not exercise "due diligence" in this case. Petitioner points out that he was housed at a facility that was 23 hour lockdown. Petitioner had no access to a law library to exercise "due diligence", nor did he have access to the policy concerning grievances. Petitioner asserts that, from the documents he submitted (see original Habeas petition: ex. A-M) should show that he would've utilized the procedures had he known how. Petitioner was transferred to the facility he is currently housed at where he had access to the aforementioned information. Petitioner arrived at this facility around midnight 12-22-10. Less than 30 days after that petitioner submitted a "request to staff" (after researching the policy and attempting an "informal resolution" as outlined by OP-090124) and begun the process.

Reply to Respondent's Motion to Dismiss, Doc. 13, pp. 4-5. Petitioner is limited to the arguments set forth in front of the Magistrate Judge, and the Court concludes, consistent with

4

Judge Bacharach's recommendation, that Petitioner has failed to establish that he is entitled to statutory tolling under 28 U.S.C. § 2244(b)(1)(B) because his allegations of the shortcomings in the library are insufficient to establish a state-created impediment.

Specifically, although Plaintiff alleges he did not have access to a law library, he does not allege that he did not have access to the appropriate Department of Corrections' forms to assert a grievance or that he did not have access to forms to complete in order to file the instant petition. Petitioner clearly had access to the forms for filing requests to staff while at Oklahoma State Penitentiary and provides no adequate explanation for filing requests to staff but no grievances. The Court hereby adopts the Report and Recommendation with regard to Grounds One and Two of the petition, which are hereby dismissed as untimely.[1]

Judge Bacharach recommended dismissal of Ground Three on the basis that Petitioner has failed to state a constitutional violation with regard to the alleged mishandling of his grievances and appeals. In Ground Three Petitioner alleges "O.D.O.C. officials have attempted to claim that petitioner has filed or attempted to file his appeal outside the time frame allowed." Petition, p. 9. He contends his requests to staff and grievances have been mishandled. *Id.* The Report and Recommendation notes that violation of state law or policy does not necessarily entitle an inmate to habeas corpus relief. To the extent Ground Three

---

[1] The Court rejects Petitioner's contention that each file review or assessment at which his request for promotion to Level 3 was denied starts the running of the statute of limitations anew, a continuing violation theory. *See Whitmore v. Miller*, 2011 WL 2746125, *4 (W.D. Okla. April 7, 2011)(continued miscalculations do not affect the ability to discover the factual predicate at an earlier point in time)(citing *Foster v. Workman*, 198 Fed.Appx. 701, 703 (10th Cir. Sept. 22, 2006), *Report and Recommendation adopted by* 2011 WL 2746147 (W.D.Okla. Jul. 12, 2011).

is addressed to the actual removal of Petitioner from Level Three to Level Two for purposes of earning credits, this claim is subsumed in Grounds One and Two and is untimely. The issue presented by Ground Three is whether the failure to appropriately follow Department of Corrections' policy regarding the handling of his attempt to exhaust his administrative remedies entitles Petitioner to habeas corpus relief. The Report and Recommendation is entirely correct in its conclusion that Petitioner's allegations do not entitle him to relief for violation of his due process rights.[2]

For the reasons set forth herein, the Court hereby grants Respondent's motion to dismiss. The petition is hereby construed as having been filed pursuant to 28 U.S.C. § 2241, and is dismissed. Grounds One and Two are dismissed because they were not timely filed, and Ground Three does not state a claim for relief. The conclusions set forth in the Report and Recommendation are hereby adopted.

IT IS SO ORDERED this 24th day of May, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] To the extent the Report and Recommendation discusses Petitioner's reliance on *Wolff v. McDonnell*, 418 U.S. 539 (1974) at page 9 and with regard to Ground Three, the discussion appears misplaced in light of Petitioner's reliance on *Wolff* to support his contention that his earnings level was adjusted without due process. *Wolff* does not have any impact on the availability of a claim based on the alleged mishandling of his grievances.